IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| WILLIAM JONES, | ) Civil Action No. 1:24-CV-24-SPB-CBB |
| Plaintiff, | ) |
| vs. | ) United States District Judge<br>) Susan Paradise Baxter |
| C. GIDDINGS, PATRICIA THOMPSON, SZELEWSKI, NURSE GIBBS, DR. BAIRD, PA STROUP, CHCA EDWARDS, LT. BEDNARO, LT. FROEHLICH, DOUGHERTY, RUFF, STG. TEIXEIRA, STG. HURL, LUCKOCK, SWATWORTH, HAAS, PRODVENCE, JOHN DOE, | ) United States Magistrate Judge<br>) Christopher B. Brown |
| Defendants, | |

**REPORT AND RECOMMENDATION**

**Christopher B. Brown, United States Magistrate Judge**

**I.      Recommendation**

Plaintiff William Jones ("Jones") initiated this civil rights action pursuant to 42 U.S.C. § 1983 in which he alleges Defendants Ryan Szelewski, Gloria Gibbs, Frank Ruf, Shane Dougherty, Chad Swartzworth, Andrew Teixeira, Sarah Hurl, Thomas Luckock, Andrew Haas, Michael Edwards, Lee Provencher, Carla Messenger (Giddings), Patricia Thompson, Richard Bednaro, and Christopher Froehlich, ("Corrections Defendants"), Dr. Baird, PA Stroup, Prodvence, and John Doe(s) (collectively, "Defendants"), violated his rights under the First, Eighth,

and Fourteenth Amendments.  ECF No. 8.  The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

Pending before the Court is the Corrections' Defendants Partial Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6).  ECF No. 15. Jones was ordered to file his Opposition by October 4, 2024 but failed to do so.  ECF No. 18.  Jones also did not respond to the Court's Order to Show Cause by the November 15, 2024 deadline, ECF No. 21,[1] and has not participated in this case in over five months.  ECF No. 19.

For the reasons below, it is respectfully recommended that the Court dismiss this action for failure to prosecute, deny the pending Rule (12)(b) Partial Motion to Dismiss (ECF No. 15) as moot, and dismiss Jones' claims with prejudice.

## II. Report

Jones was in the custody of the Department of Corrections ("DOC") at SCI-Albion when he initiated this civil action against Defendants on January 24, 2024. ECF No. 8.  He is proceeding in this action *pro se* and *in forma pauperis*.  ECF Nos. 7-8.

Jones has now seemingly abandoned his claims.  Jones missed multiple deadlines and opportunities to respond to the Corrections Defendants' Partial Motion to Dismiss, missed the Court's Deadline to Show Cause, and has failed to update his address with the Court.

---

[1]   On October 17, 2024, this case was transferred to the undersigned pursuant to Administrative Order 2024-14.

On September 4, 2024, Chief Judge Richard A. Lanzillo, then assigned to the case, set the Briefing Schedule on the Partial Motion to Dismiss and gave Jones until October 4, 2024 – thirty days – to respond to the Corrections Defendants' Motion to Dismiss. ECF No. 18. Instead, on September 13, 2024, Jones filed a Motion for the Production of Documents. ECF No. 19. Chief Judge Lanzillo denied the Motion for the Production of Documents as premature on October 1, 2024, but simultaneously reminded Jones of his upcoming October 4, 2024 deadline to file an Opposition brief. ECF No. 20.

Jones missed the October 4, 2024 deadline without an explanation or request for extension. On October 16, 2024, the Court then directed Plaintiff to show cause by November 14, 2024 – nearly six weeks from his original deadline – for his failure to respond to Defendants' Motion to Dismiss. ECF No. 21. Jones missed that deadline as well, with no further communication to the Court.

Jones was released from DOC custody sometime before November 20, 2024 and failed to provide the Court with a change of address. *See* 11/20/2024 Staff Note (indicating Jones was paroled). The Court's mail was then returned multiple times. *See* 11/20/2024 Staff Notes.

Jones has not taken any action in this case since he filed his Motion for the Production of Documents on September 13, 2024. ECF No. 19.

After over four months of inaction, Jones' failure to provide the Court and counsel with an adequate address reflects his lack of prosecution of this case. A federal court has the discretion to dismiss a proceeding based on a party's failure to

3

prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) (citing Fed. R. Civ. P. 41(b)). Fed. R. Civ. P. 41(b) states in pertinent part:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

A district court has the power to dismiss a case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute even if the plaintiff is proceeding pro se. The Sixth Circuit has stated that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Thus, a pro se litigant's failure to prosecute is not the same as "inartful pleading or [a] lack of legal training." *Id*. at 110.

The Third Circuit laid out factors that a court must consider when determining whether a case should be dismissed for the plaintiff's failure to prosecute in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863, 868 (3d Cir. 1984). These factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the

effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id.*

Based on these factors, it is respectfully recommended that this case be dismissed for Jones' failure to prosecute. The first five factors all weigh heavily in favor of dismissal. Because Jones is proceeding pro se, "the responsibility of moving the case forward lies with him." *Cravener v. McClister*, No. 2:23-CV-00355, 2023 WL 7168929, at *3 (W.D. Pa. Oct. 9, 2023), *report and recommendation adopted*, No. CV 23-355, 2023 WL 7166475 (W.D. Pa. Oct. 31, 2023). And yet, Jones has not participated in this case in over four months.

He has been on parole since at least November 2024 but has not updated his address. Neither the Court nor Defense Counsel can reach him. The Court cannot rule on the pending Rule 12(b) Motion to Dismiss if it cannot reach the Plaintiff, nor can Defense Counsel engage in discovery. The case simply cannot move forward with a non-responsive Plaintiff. Additionally, under factor five, there are no alternative sanctions which would adequately punish Jones for his failure to prosecute his case; imposing a monetary sanction against Jones who is proceeding *in forma pauperis* would not be effective as he appears impecunious.

Only factor 6 is neutral. The Corrections Defendants' pending Rule 12(b) Partial Motion to Dismiss has not been fully briefed, so it is unclear at this stage whether Jones' claims would survive dismissal. It is also not apparent whether his claims would survive summary judgment even if they should survive the motion to

dismiss stage.  But not all the *Poulis* factors "need be met for a district court to find dismissal is warranted."  *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

On balance, five factors weigh heavily in favor of dismissal and only one factor is neutral.  Given this, it is respectfully recommended that the Court dismiss this action for failure to prosecute, deny the pending Rule (12)(b)(6) Motion to Dismiss as moot, and dismiss Jones' claims with prejudice.

### III.    Conclusion

Based on the above, it is respectfully recommended that the Court dismiss this action for failure to prosecute, deny the pending Rule (12)(b)(6) Partial Motion to Dismiss (ECF No. 15) as moot, and dismiss Jones' claims with prejudice pursuant to Fed. R. Civ. P. 41(b).

Any party is permitted to file written specific Objections to this Report and Recommendation to the assigned United States District Judge.  In accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and LCvR 72.D.2, Jones, because he is a non-electronically registered party, must file written objections, if any, to this Report and Recommendation by **February 24, 2025**.  Defendants, because they are electronically registered parties, must file objections, if any, by **February 19, 2025**.  Any party opposing the Objections shall have fourteen (14) days from the date of service of the Objections to respond thereto.  *See* Fed. R. Civ. P. 72(b)(2).  The parties are cautioned that failure to file Objections within this timeframe "will waive the right to appeal."  *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011) (quoting *Siers v. Morrash*, 700 F.2d 113, 116 (3d Cir.

1983)).  *See also EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

    DATED this 5th day of February, 2025.

                                         BY THE COURT:

                                         s/Christopher B. Brown
                                         United States Magistrate Judge

CC:    United States District Judge
        Susan Paradise Baxter

        WILLIAM JONES
        MD9017
        SCI ALBION
        10745 ROUTE 18
        ALBION, PA 16475-0001

        All counsel of record, *via ECF*